IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT WILLIAMS,

        Plaintiff,                       No. CIV S-10-0888 EFB P

    vs.

C. FERGUSON, et al.,

        Defendants.         <u>ORDER AND<br>FINDINGS AND RECOMMENDATIONS</u>

                              /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants move to dismiss on the grounds of failure to exhaust administrative remedies, failure to state a claim, and qualified immunity. Dckt. No. 20. As discussed below, the complaint must be dismissed for failure to exhaust and, accordingly, the court does not reach defendants' other arguments.

**I.    Legal Standards**

    **A.  Motion to Dismiss for Failure to Exhaust**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory

and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

The failure to exhaust nonjudicial administrative remedies as required by § 1997e(a) is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). Nor does § 1997e(a) require a plaintiff to plead exhaustion. *Id.* at 1119. Rather, "§ 1997e(a) creates a defense – defendants have the burden of raising and proving the absence of exhaustion." *Id.* The Ninth Circuit determined in *Wyatt* that because the defense of failure to exhaust "is not on the merits" and summary judgment "is on the merits," the defense should be treated as a matter in abatement[1] to be resolved pursuant to a motion made under "unenumerated Rule 12(b)." *Id.*

---

[1] A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated to the merits of the claim." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). It has its roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c). Rule 7 "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement. *Black's Law Dictionary* 4 (6th ed. 1990). The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it. It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which plaintiff relies." *Black's Law Dictionary* 1151 (6th ed. 1990). The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule." Thus, for example, the Revision Notes to 28 U.S.C. § 2105 (West 2006), which prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor. The words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the jurisdiction.'"
////

The Ninth Circuit stated that "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20.

The Supreme Court confirmed in *Jones v. Bock*, 549 U.S. 199, 216 (2007), that failure to exhaust under the PLRA is an affirmative defense. If the affirmative defense can be decided on the pleadings alone, i.e. the face of the complaint establishes the fact that there has been no exhaustion, a motion under Rule 12(b)(6) is appropriate. *Id.* at 215. Using the example of a motion to dismiss based on a statute limitations defense, the Court stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id*.

However, where the facts supporting the affirmative defense are not established by the allegations of the complaint and instead require the presentation of evidence outside the pleadings (including failure to exhaust as required by 42 U.S.C. § 1997e(a)), a motion raising the defense is properly considered under the standards for summary judgment, with disputed material factual issues reserved for trial.[2] Fed. R. Civ. P. 12(d) (where a party presents

---

Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate, instead of making a plea in abatement. *See Black's Law Dictionary* 4, 1151-1152 (6th ed. 1990) ("abatement of action," and "plea in abatement").

[2] As discussed above, the reasoning in *Wyatt* for adhering to Rule 12(b) appears to have been that frequently a motion for "summary judgment is on the merits," and a failure to exhaust is independent of the substantive claims before the court. *Wyatt*, 315 F.3d at 1119. But, a motion asserting an affirmative defense, even when it does not address the merits of the substantive claims, must be brought under Rule 56 if the motion relies upon matters extrinsic to the complaint to establish the factual predicate for the defense. Fed. R. Civ. P. 12(d). Motions challenging exhaustion of administrative remedies frequently rely on declarations and exhibits that are extrinsic to the complaint.

affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56"), 56(b); *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005).[3] These fundamental principles under the Federal Rules of Civil Procedure are not changed by the PLRA. The Supreme Court in *Jones* made clear that, "beyond the departures specified by the PLRA itself," nothing in the PLRA suggests that usual procedural practices should not be followed and cautioned that departures from the usual procedural requirements are to be expressly made by Congress. *Jones*, 549 U.S. at 212, 214-16.

Thus, it appears that the requirement under Rule 12(d) that motions raising affirmative defenses that require the submission of declarations or other matters extrinsic to the complaint require that the motion be treated as a Rule 56 motion for summary judgment, applies to motions raising the failure of a prisoner to exhaust administrative remedies. Indeed, the Ninth Circuit recognized in *Wyatt* that when the district court looks beyond the pleadings to a factual record, which commonly occurs in deciding an exhaustion motion, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt*, 315 F.3d at 1120, n.14.

Thus, whether a motion for failure to exhaust under the PLRA may be raised under Rule 12 or Rule 56 is not determined by whether the defense asserted in the motion goes to the "merits" of the claim. Regardless of whether judgment is sought on the merits or whether the motion seeks to bar consideration of the merits based on a technical ground that precludes

---

[3] Several other Circuits have applied summary judgment principles when the defense of failure to exhaust cannot be decided on the pleadings. *See Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (addressing exhaustion at summary judgment); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (reversing grant of summary judgment on exhaustion and remanding for further proceedings); *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 379-80 (5th Cir. May 1, 2008) (addressing exhaustion at summary judgment); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001) (reviewing evidence elicited at trial as to whether prisoner exhausted available remedies); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (addressing exhaustion at summary judgment); *but see Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) (finding that PLRA exhaustion should be treated as a matter in abatement and should be decided on a Rule 12(b) motion, even when factual disputes exist); *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (rejecting the summary judgment and the Rule 12(b) approaches to PLRA exhaustion and instead determining that once a PLRA exhaustion defense is raised, a special evidentiary hearing should be held to address that defense before litigation on the merits proceeds).

4

reaching the merits (i.e., exhaustion, issue or claim preclusion, a statute of limitations, etc.), the determining factor is whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion. *See Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.").

Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Notwithstanding the analysis above, the court recognizes that *Wyatt* is controlling in these circumstances and that the instant motion is properly construed as an unenumerated Rule 12(b) motion to dismiss. Accordingly, the court analyzes the motion, as *Wyatt* suggests, under a standard "closely analogous to summary judgment." 315 F.3d at 1120, n.14. If, under that standard, the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.* at 1119-20.

**B.  Summary Judgment Standards**

Summary judgment is appropriate when it is demonstrated that there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. "When reasonable minds could differ on the material facts at issue, summary judgment is not appropriate." *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotations omitted). The opposing party must demonstrate – through evidence in the form of affidavits and/or admissible discovery material – a factual dispute that is both material (i.e. it affects the outcome of the claim under the governing law) and genuine (i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party). Fed. R. Civ. P. 56(c)(A); *Anderson*, 477 U.S. at 248-50; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 11 (1986). Alternatively, the opposing party may demonstrate that a fact is genuinely disputed by "showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute, or that [the moving] party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B); *Matsushita*, 475 U.S. at 586 n.11.

In resolving a summary judgment motion, the court examines the pleadings, the discovery and disclosure materials on file, and any affidavits filed by the parties. *See* Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in his or her favor. *Anderson*, 477 U.S. at 255*; Matsushita*, 475 U.S. at 587. Nevertheless, it is the opposing party's obligation to produce a factual predicate from which a favorable inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

6

On March 2, 2011, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

**C.  Exhaustion Under California Law**

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

> To initiate the process, an inmate must fill out a simple form, Dept. of Corrections, Inmate/Parolee Appeal Form, CDC 602 (12/87) (hereinafter Form 602), that is made "readily available to all inmates." Cal. Code Regs. tit. 15, § 3084.1(c) (2004). The inmate must fill out two parts of the form: part A, which is labeled "Describe Problem," and part B, which is labeled "Action Requested." Then, as explained on Form 602 itself, the prisoner "must first informally seek relief through discussion with the appropriate staff member." [] The staff member fills in part C of Form 602 under the heading "Staff Response" and then returns the form to the inmate.
>
> If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, the inmate may pursue a three-step review process. *See* Cal. Code Regs. tit. 15, §§ 3084.5(b)-(d). Although California labels this three-step process "formal" review (apparently to distinguish this process from the prior step), the three-step process is relatively simple. At the first level, the prisoner must fill in part D of Form 602, which states: "If you are dissatisfied, explain below." [] The inmate then must submit the form, together with a few other documents, to the Appeals Coordinator within 15 working days-three weeks-of the action taken. *Id*., § 3084.6(c). This level may be bypassed by the Appeals Coordinator in certain circumstances. *Id*., § 3084.5(b). Within 15 work-days after an inmate submits an appeal, the reviewer must inform the inmate of the outcome by completing part E of Form 602 and returning the form to the inmate.
>
> If the prisoner receives an adverse determination at this first level, or if this level is bypassed, the inmate may proceed to the second level of review conducted by the warden. *Id*., §§ 3084.5(c), (e)(1). The inmate does this by filling in part F of Form 602 and submitting the form within fifteen work-days of the prior decision. Within ten working days thereafter, the reviewer provides a decision on a letter that is attached to the form. If the prisoner's claim is again denied or the prisoner otherwise is dissatisfied with the result, the prisoner must explain the basis for his or her dissatisfaction on part H of the form and mail the form to the Director of the California Department of Corrections and Rehabilitation within 15 working

7

days. *Id.*, § 3084.5(e)(2). An inmate's appeal may be rejected where "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." *Id.*, § 3084.3(c)(6).

*Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006). California regulations require that the inmate submit the initial appeal within 30 calendar days of: (1) the event or decision at issue; (2) first having knowledge of the action or decision being appealed; or (3) receiving an unsatisfactory departmental response to an appeal filed. Cal. Code Regs. tit. 15, § 3084.8(b).[4] The regulations provide that the appeals coordinator may cancel an appeal not filed within those time constraints where "the inmate or parolee had the opportunity" to timely file. *Id.*, § 3084.6(c)(4). The DOM further instructs the appeals coordinator to "ensure that the inmate or parolee had, in fact, the opportunity to file in a timely manner." DOM, ch. 5, art. 53, § 54100.8.1, available at http://www.cdcr.ca.gov/Regulations/Adult_Operations/DOM_TOC.html.

Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. Cal. Code Regs. tit. 15, § 3084.1(a). All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. *McKinney*, 311 F.3d at 1200. The claim must be properly exhausted; therefore, an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement. *Woodford*, 548 U.S. at 83-84.

## II.   Plaintiff Failed to Exhaust His Administrative Remedies

In this case, plaintiff alleges that defendants violated a number of his federal rights when they used force to subdue him during a diabetic episode on February 7, 2009. Dckt. No. 1.

////

---

[4] The California Department of Corrections and Rehabilitation Operating Manual ("DOM") provides for a time limit of 15 days, rather than 30. DOM, ch. 5, art. 53, § 54100.4, available at http://www.cdcr.ca.gov/Regulations/Adult_Operations/DOM_TOC.html. It is unnecessary to resolve the apparent discrepancy between the DOM and the regulations here, as plaintiff states that he would not have been able to file an appeal for an entire year after the incident, well outside both a 15-day and 30-day appeal window.

1  Plaintiff does not dispute that he never filed a grievance concerning defendants' actions. Dckt.
2  No. 23, Pl.'s Opp'n to Defs.' Mot. to Dism. at 2-3. He argues, however, that he should be
3  excused from the exhaustion requirement because he was in a "hyperglycemia medical state" and
4  "not aware that I had been assaulted by defendants until after a year later when I was finally
5  released out of administrative segregation (ad-seg), and was informed by two fellow inmates
6  who witness [sic] the assault." *Id.* at 2. Plaintiff argues that the normal grievance procedure was
7  no longer available to him at that point because the deadline for filing such a grievance had
8  passed. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (the PLRA "does not require
9  exhaustion when no pertinent relief can be obtained through the internal process").

10  Plaintiff's argument might have relevance to a tolling question if the motion were seeking
11  dismissal on the grounds that the complaint is time-barred. But his argument is unpersuasive in
12  the context of this "exhaustion" motion. The regulations discussed above, provide that a
13  grievance filed outside the applicable time constraint should not be canceled as untimely where
14  the inmate did not have the opportunity to timely file. *See also Marella v. Terhune*, 562 F.3d
15  983, 985 (9th Cir. 2009) ("[T]he prison's regulations explicitly create an exception to the timely
16  filing requirement."). Plaintiff fails to inform the court why he did not file a grievance upon
17  learning the information about the alleged assault from his fellow inmates. Under the governing
18  regulations, the grievance process would likely have been made available to him if his medical
19  condition made it impossible for him to timely file. Or, if his grievance were rejected as
20  untimely, plaintiff would have a more persuasive argument that the process was foreclosed to
21  him. *See Marella v. Terhune*, 568 F.3d 1024, 1027-28 (9th Cir. 2009) (finding the administrative
22  appeals process unavailable where the inmate's grievance was screened out at the first level as
23  untimely). Instead, plaintiff simply decided unilaterally to forego the administrative grievance
24  process. On the facts presented by plaintiff and under the regulations providing an exception to
25  the grievance filing deadline, plaintiff had the opportunity and ability to file a grievance once he
26  learned relevant information from his fellow inmates, but did not do so. *See id.* at 1028 (noting

that the inmate's case should be dismissed for failure to exhaust if the inmate had an opportunity and ability to file a timely grievance but failed to do so). Under these circumstances, it cannot be said that the grievance process was not available, and plaintiff should therefore not be excused from exhausting that process.

### III.    Order and Recommendation

Accordingly, it is hereby ORDERED that the Clerk randomly assign this case to a United States District Judge.

Further, it is RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   January 6, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE